**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **RAFAEL HERNANDEZ,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:17-CV-315-RFC** |
| | § | |
| **NANCY A. BERRYHILL,** | § | |
| *Acting Commissioner of* | § | |
| *the Social Security Administration* | § | |
| **Defendant.** | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's claim for disability insurance benefits ("DIB") under Title II of the Social Security Act. Both parties consented to trial on the merits before a United States Magistrate Judge, and the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules for this district. For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

**I.      PROCEDURAL HISTORY**

Plaintiff protectively filed an application for DIB on November 25, 2013, for disability beginning on November 22, 2013. (R: 161–65, 187; ECF. 16:1). This claim was initially denied on February 6, 2014, and upon reconsideration on May 21, 2014. (R: 81–84, 89–91). On November 17, 2015, a hearing was held before Administrative Law Judge ("ALJ") Katherine Brown, and an unfavorable decision against Plaintiff was issued on March 15, 2016. (R: 29, 40–62). Plaintiff's request for review was denied on August 16, 2017. (R: 1–3).

## II.    ISSUE

Plaintiff presents the following issue for review:

1.   Whether the ALJ erred in her evaluation of the treating physician's opinion.

(ECF. 16: 2–8).

## III.    DISCUSSION

### A.  Standard of Review

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986) (quoting *Parsons v. Heckler*, 739 F.2d 1334, 1339) (8th Cir. 1984)).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. In applying the substantial evidence standard, a court must carefully examine the entire record, but may not reweigh the evidence or try the issues *de novo*. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). It may not substitute

its own judgment "even if the evidence preponderates against the [Commissioner's] decision," because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, and not the courts, to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

### B. ALJ's Hearing Decision

At the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 22, 2013. (R: 22). At the second step, the ALJ found that Plaintiff had the following severe impairments: diabetes mellitus, obesity, and lumbar spine degenerative disc disease. (R: 22). At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments meeting or medically equaling one of the listed impairments. (R: 26). Before the fourth step, the ALJ found that Plaintiff had the residual functional capacity to perform a full range of medium work. (R: 26). At the fourth step, the ALJ found that Plaintiff is capable of performing his past relevant work as a garbage-collector driver. (R:28). Consequently, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, from November 22, 2013, through the date of the ALJ's decision. (R: 28).

### C. Substantial Evidence Supports the ALJ's Decision

Plaintiff contends that the ALJ failed to give proper weight to the medical opinion of Plaintiff's treating physician, Dr. Molina. (ECF. 16: 2–8). Specifically, Plaintiff contends that the ALJ erred by failing to discuss the six factors required by 20 C.F.R. § 404.1527(c)(2) in setting forth her reasoning for rejecting Dr. Molina's opinion. (ECF.16: 4–5).

A treating physician's opinion regarding the nature and severity of a patient's condition should be accorded great weight in determining disability and will normally be given controlling weight if it is: (1) well-supported by medically acceptable clinical and laboratory diagnostic

techniques; and (2) not inconsistent with other substantial evidence. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). The ALJ may assign little or no weight to the opinion of any physician for good cause. *Id.* at 455–56. Good cause exists where statements are "brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Perez v. Barnhart*, 415 F.3d 457, 466 (5th Cir. 2005) (emphasis omitted).

Absent reliable medical evidence from a treating or examining physician controverting Plaintiff's treating physician, an ALJ may reject the opinion of a treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the applicable federal regulation. *Newton*, 209 F.3d at 453. Specifically, the regulation requires consideration of:

1. Length of the treatment relationship and the frequency of examination;
2. Nature and extent of the treatment relationship;
3. Supportability;
4. Consistency;
5. Specialization; and
6. Other factors that tend to support or contradict the opinion.

20 C.F.R. § 404.1527(c)(2). Where such evidence does exist in the record, however, consideration of the six factors is not necessary. *See Bullock v. Astrue*, 277 F.App'x. 325, 329 (5th Cir. 2007) (per curiam) (indicating that consideration of the six factors is only necessary absent controverting reliable medical evidence from a treating or examining physician); *see also Qualls v. Astrue*, 339 F.App'x. 461, 466–67 (5th Cir. 2009) ("The Newton court limited its holding to cases where the ALJ rejects the sole relevant medical opinion before it.").

In the present case, the ALJ cited competing first-hand medical evidence from examining physicians that contradicts Dr. Molina's medical source statement. On January 27, 2014, Plaintiff had a consultative medical examination with Dr. Nilesh Mehta. (R: 357–69). During the examination, Plaintiff reported that he could walk two to three blocks, do housework, and lift

five to ten pounds, but had pain in his back, shoulder, hip, knee, neck, and upper extremities. (R: 363). In Dr. Mehta's findings, Plaintiff had a normal gait: Plaintiff was able to walk on his heels and toes, jump, and squat. (R: 364). Plaintiff also had normal and equal power in the extremities. (R: 364). Further, Plaintiff had normal grip strength and normal movement in his shoulder, hips, cervical spine, and knees. (R: 364). Finally, Plaintiff's lumber spine x-ray was negative. (R: 368). In addition to his physical examination, on April 26, 2014, Plaintiff had a consultative psychological examination by Dr. Randall Rattan. (R: 378–83). In this examination, Plaintiff indicated he had problems sleeping and concentrating. (R: 378). Dr. Rattan found that Plaintiff had logical, sequential, and coherent thought processes, relevant and goal-directed responses, no evidence of speech-based thought disorder, no perceptual abnormalities, slightly dysthymic mood, no deficits of judgment, and good insight. (R: 381). Dr. Rattan concluded that Plaintiff "appears capable of carrying out basic instructions and exhibiting contextually appropriate behavior" and should have no "difficulty maintaining consistent employment from a mental health standpoint." (R: 382).

Moreover, the medical evidence provided by Dr. Molina contradicts his own medical source statement. In his medical source statement, Dr. Molina checked boxes which indicated that Plaintiff can occasionally lift or carry objects weighing less than ten pounds, work or stand less than two hours in an eight-hour work day, sit less than six hours in an eight-hour workday, and perform occasional postural activities. (R: 669–70). Plaintiff also had limited vision but unlimited hearing, speech, and environmental limitations. (R: 671–72). The medical evidence provided by Dr. Molina, however, paints a different picture. On April 21, 2014, Dr. Molina examined and indicated that Plaintiff had Diabetes, Hyperlipidemia, and Hypertension. (R: 599). The examination found Plaintiff's physical condition to be normal in all categories and reported

all negatives in the review of systems. (R: 600–02). After this April 2014 examination, Dr. Molina examined Plaintiff multiple times in 2014 and 2015. (R: 606–61). With a few exceptions, Dr. Molina consistently found Plaintiff's physical condition to be normal in all categories. (R: 606–61). In particular, Dr. Molina examined Plaintiff's eyes in September 9, 2015, and found them to be normal. (R: 653). Finally, Plaintiff's medical record was also reviewed by two state agency medical consultants, and both consultants determined that Plaintiff did not have severe physical or mental impairments. (R: 63–68, 70–78).

Plaintiff argues that Dr. Molina's medical source statement is well supported by the record. However persuasive Plaintiff's evidence might be, this Court cannot reweigh the evidence or try the issues *de novo*. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). This Court can only determine if substantial evidence supports the ALJ's findings and if the proper legal standards were applied. In this case, substantial evidence supports the ALJ's findings and the proper legal standards were applied. Therefore, reversal is not warranted.

## IV.    Conclusion

The Court concludes that the ALJ's findings are supported by substantial evidence, and the ALJ did not err by failing to conduct the six factor analysis under 20 C.F.R. § 404.1527(c)(2). Thus, the Court **ORDERS** that the decision of the Commissioner be **AFFIRMED**.

**SIGNED** this 2nd day of April, 2018.

ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE